IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.

ADONIS MARQUIS PERRY,

Defendant.

Case No. 2:18-CR-113

**GOVERNMENT'S UNOPPOSED MOTION FOR MENTAL EXAMINATION TO DETERMINE DEFENDANT'S COMPETENCE TO STAND TRIAL**

The United States of America moves this Court, under 18 U.S.C. §§ 4241(a) and (b) and 4247(b) and (c), for a pretrial psychiatric examination of the defendant to determine whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. As grounds for this motion, the government represents that:

1. The defendant has now threatened with violence at least two of his attorneys. In early 2018, before these charges were adopted for federal prosecution, he threatened to kill his state court attorney and later admitted that he did not regret his behavior.

2. Two weeks ago, the defendant threatened his current attorney. During an in-person jail meeting, he threw a table and a file at his attorney and advanced within a foot of his attorney, screaming that he was going to "F*ck [his attorney] up."

3. Last week, the defendant sent his attorney a letter in which the defendant wrote that he "could have beat[en] [his attorney] to death in that room the other day," that his attorney should "withdraw from [his] case because next time [he] feel[s] that [his attorney] [is] not going to walk away so lucky," and that he "hope and pray it don't come down to [him] happening to do some

thing to get [his attorney] off the case."

4. The defendant cannot control himself in court proceedings, either. In three state court hearings, he was so disruptive that the deputies had to physically remove him from the courtroom.

5. The defendant's numerous violent threats against his own attorneys and, more broadly, his inability to control his emotions show that he cannot assist properly in his defense.

6. The defendant has also shown that he may not understand the nature and consequences of the proceedings against him. At both his arraignments in this case, he told the Magistrate Judge that he did not understand the nature of the charges against him.

7. Prior to the defendant's sentencing hearing in his 2009 federal case, No. 2:09-CR-104, he received a mental-health evaluation. The evaluator reviewed many documents on the defendant's history of mental- and emotional-health issues. After reviewing those documents and interviewing the defendant, the evaluator concluded that he was competent for sentencing. The findings were summarized in the defendant's presentence investigation report.

8. During state court proceedings and in light of the defendant's threat against his attorney and his outbursts in court, the defendant received a court-ordered competency evaluation. *See* Exh. A. The psychologist concluded that the defendant possessed a rational and adequately factual understanding of a trial and the roles of courtroom personnel and possessed the capacity to assist counsel in preparing a defense.

9. That report did not take into account the defendant's recent violent behavior against his attorney. And to satisfy the requirements of §§ 4241 and 4247, the defendant needs a more extensive competency examination by a medical team at a federal medical facility.

10. Counsel for the defendant does not oppose this motion and believes that the

defendant's mental-health issues must be resolved before the defendant can assist properly in his defense.

WHEREFORE, the government asks that the Court order the defendant to undergo a psychiatric examination to determine whether he is suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: /s/
William B. Jackson
Joseph E. Depadilla
Assistant United States Attorneys
Attorneys for the United States
101 West Main Street, Suite 8000
Norfolk, VA 23510
757-441-6331 Office
757-441-6689 Fax
william.jackson3@usdoj.gov
joe.depadilla@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of January, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lawrence H. Woodward, Jr., Esq.
Ruloff, Swain, Haddad, Morecock, Talbert & Woodward, P.C.
317 30th Street
Virginia Beach, VA 23451

/s/
William B. Jackson
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA    23510
Telephone Number: (757) 441-6331
Facsimile Number: (757) 441-6689
E-Mail Address: william.jackson3@usdoj.gov