IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:18-cr-113 |
| | ) | |
| ADONIS MARQUIS PERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS

The United States of America now responds in opposition to Defendant Adonis Marquis Perry's Objections to the Magistrate Judge's Report and Recommendation on the First Motion to Suppress, ECF No. 61. For the following reasons, the Court should overrule the defendant's objections.

The defendant first "objects to the finding that Officer Miller was credible and that his testimony expressed and supported a legal basis for extending the vehicle stop." Objections at 1. He contends that Officer Miller's testimony did not support "detain[ing] the [d]efendant for additional time, after [the officers] determined he did not have any weapons that pose a danger to [them]." *Id.*

The Magistrate Judge correctly found, however, that "[c]ircumstances articulated by the officers"—both Officers Miller and Para—"justified continued detention essentially from the moment they initiated the stop." R&R at 12. The evidence and testimony included "several particularized facts and circumstances that informed [the officers'] suspicions." *Id.* The Magistrate Judge highlighted seven of those facts: "the time (around midnight)," the officers' "location (a known high-crime area)," the suspicious "nature of the observed traffic violation (an apparently hand-written vehicle tag bearing only a date)," the SUV's "acceleration through two stop signs

when the police turned around," the officers' observation "that the car's passenger door was open and the occupants were already exiting when the officers arrived," the defendant's "climbing over the center console to exit the driver's side door," and Officer Miller's recovering "the blue bandana [from] Perry's pocket, combined with the dispatch report that he had gang affiliations." *Id.* at 12–13.

As the Magistrate Judge pointed out, those facts were more than enough to establish reasonable suspicion of ongoing criminal activity and to justify extending the stop's duration. *See* R&R at 13. Indeed, the officers' "presence in an area of heavy narcotics trafficking"—the Huntersville neighborhood—and their observing the SUV occupants' "unprovoked flight upon noticing the police" would have been sufficient for reasonable suspicion. *Id.* (quoting *Illinois v. Wardlow*, 528 U.S. 119, 124–25 (2000)). In short, the defendant's objection fails because reasonable suspicion is a rather low standard that is easily met on these facts.

The defendant also "objects to the list of particularized findings set forth [above] that are relied on by the … Magistrate Judge as a basis for extending the stop." Objections at 2. He argues that the Magistrate Judge's limited observation that "Officer Para's plain-view testimony was not credible," R&R at 6, somehow infected the entire reasonable-suspicion analysis.

But the key testimony was not from Officer Para, but from Officer Miller, who detained and questioned the defendant while Office Para did the same as to the SUV's co-occupant, Beatrice McCarr, on the other side of the parking area. "In this case, Miller's actions during his encounter with Perry are important in evaluating the instant motion because they informed both officers' conduct through the remainder of the stop." R&R at 11. After personally observing Officer Miller's testimony, the Magistrate Judge found that he was credible. And the defendant fails to

explain how an isolated credibility finding could affect body-camera footage corroborating Officer Miller's testimony and independently supporting reasonable suspicion to extend the stop.

Contrary to the defendant's claim, the Magistrate Judge did not find that "Officer Para lied under oath in order to justify the extended detention and investigation." Objections at 2. The Magistrate Judge instead found that Officer Para, like Officer Miller, was credible in "articulat[ing]" "[c]ircumstances … justify[ing] continued detention." R&R at 12. The Magistrate Judge noted that "Officer Para's testimony and partial body camera footage are largely consistent with Officer Miller's." R&R at 5. The Magistrate Judge also credited Officer Para's testimony "regarding the initial pursuit, the nature of the Huntersville neighborhood, and the subject's unusual exit from the vehicle," as well his testimony "that he confirmed McCarr owned the vehicle and obtained her consent to search it as shown on Officer Miller's body camera footage." *Id.* And the Magistrate Judge relied on the testimony of both "[t]he officers" in formulating the list of seven facts supporting reasonable suspicion. R&R at 12.

To be sure, the Magistrate Judge took issue with one aspect of Officer Para's testimony. But the Magistrate Judge did not consider that single flaw serious enough to reject the rest of Officer Para's testimony. In most aspects, Officer Para's testimony was deemed credible and supported the Magistrate Judge's conclusion that the officers had reasonable suspicion to extend the stop's duration.

The Report and Recommendation's heavy reliance on Officer Miller's testimony and the Magistrate Judge's decision to credit much of Officer Para's testimony while discounting only a small part of it suggests that the finding on the discounted portion is dictum—another reason it cannot save the defendant. That isolated finding is "dictum because it was not essential to [the

Magistrate Judge's] disposition of any of the issues" in the Report and Recommendation. *Cent. Green Co. v. United States*, 531 U.S. 425, 430 (2001).

The finding's position in the Report and Recommendation also shows that it is dictum. Although it is included on one page in the recommended findings of fact, R&R at 6, it is not mentioned in the analysis section's text, while the portions of Officer Para's testimony credited by the Magistrate Judge are, *see* R&R at 12 ("The officers identified several particularized facts and circumstances that informed their suspicions."), 14 ("The court also credits the officers' testimony that open car doors indicate that a suspect is attempting to flee."). Instead, the finding is buried in a footnote within that section, and those parts of a decision "contained in a footnote" are "obiter dicta." *United States v. Burleson*, 815 F.3d 170, 176 n.3 (4th Cir. 2016) (internal quotation marks omitted).

The Court should overrule the defendant's objections to the Report and Recommendation.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By:  _____/s/_____
William B. Jackson
Joseph E. Depadilla
Assistant United States Attorneys
Attorneys for the United States
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Phone: (757) 441-6331
Facsimile: (757) 441-6689
Email: william.jackson3@usdoj.gov
         joe.depadilla@usdoj.gov

## **CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on this 4th day of January, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lawrence H. Woodward, Jr., Esq.
Ruloff, Swain, Haddad, Morecock, Talbert & Woodward, P.C.
317 30th Street
Virginia Beach, VA 23451

                        /s/_____
                        William B. Jackson
                        Assistant United States Attorney
                        United States Attorney's Office
                        101 West Main Street, Suite 8000
                        Norfolk, Virginia 23510
                        Phone: (757) 441-6331
                        Facsimile: (757) 441-6689
                        Email: william.jackson3@usdoj.gov