IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

- - - - - - - - - - - - - - - - - - -
                                    )
   UNITED STATES OF AMERICA,        )
                                    )
                                    )      CRIMINAL ACTION NO.
   v.                               )      2:18cr113
                                    )
   ADONIS MARQUIS PERRY,            )
                                    )
           Defendant.               )
- - - - - - - - - - - - - - - - - - -


TRANSCRIPT OF PROCEEDINGS

(Status conference)

Norfolk, Virginia

May 13, 2019


BEFORE:  THE HONORABLE DOUGLAS E. MILLER
         United States Magistrate Judge


APPEARANCES:

         UNITED STATES ATTORNEY'S OFFICE
         By:  William B. Jackson
              Assistant United States Attorney
              Counsel for the United States

         RULOFF SWAIN HADDAD MORECOCK TALBERT & WOODWARD
         By:  Lawrence H. Woodward, Jr.
              Counsel for the Defendant

```
 1              (Hearing commenced at 11:01 a.m.)
 2              THE CLERK:  United States versus Adonis Marquis
 3    Perry, case 2:18cr113.
 4              Is the government ready?
 5              MR. JACKSON:  The United States is ready.  Good
 6    morning, Your Honor.
 7              THE COURT:  Good morning, Mr. Jackson.
 8              THE CLERK:  Is the defendant ready, Mr. Woodward?
 9              MR. WOODWARD:  Well, Your Honor, I would tell the
10    Court, I received the report and went out to Western
11    Tidewater Regional.  I received the report, I think it was
12    Wednesday afternoon, went out to Western Tidewater Regional
13    Jail to see Mr. Perry to give and discuss the report with
14    him, and he indicated he did not want to meet with me.
15              Then this morning I went in the lockup, again
16    indicated -- and I just laid a copy of the report there for
17    him to review.  So with that background, I'm prepared to
18    proceed as we can.
19              THE COURT:  Well, let me just note for the record,
20    Mr. Perry is here in person, of course, and both counsel.
21              The first thing I think we need to take up is the
22    status of the evaluation.  I think in ECF No. 64, following
23    a number of observations, the United States made a motion
24    that Mr. Perry be evaluated.  The Court granted that motion
25    after a hearing.  Mr. Perry was transported to another
```

1    facility where the evaluation occurred.  I believe both

2    counsel received a copy of the report.  The Court received a

3    copy of the report.  I intend to actually file this as a

4    sealed exhibit.  I think this does need to be made a part of

5    the record as a sealed document, so I am going to ask the

6    clerk to file the report as a sealed exhibit to this status

7    conference.

8           I think it's fair to characterize the report as,

9    essentially, finding that Mr. Perry has some conditions that

10   do not materially impair his competency either to assist in

11   his own defense or to stand trial for the offenses for which

12   he's charged.

13          I guess the first issue we ought to address is

14   whether there is any disagreement regarding the findings of

15   the competency evaluation.

16          Mr. Jackson, do you agree that the report,

17   essentially, concludes that Mr. Perry is competent to stand

18   trial and was competent at the time of the offense?

19          MR. JACKSON:  Yes, Your Honor, I agree with all of

20   that.  I think the report, it provides some light, sheds

21   some light on what's going on with Mr. Perry.  I also want

22   to emphasize that there is a medication regime that he's

23   taken, apparently, that we think is also helping.  We hope

24   that he continues to take that medication.

25          THE COURT:  Mr. Woodward, you are still Mr. Perry's

```
 1   counsel of record because there is a pending motion, but for
 2   now you're still Mr. Perry's counsel.  I know you've
 3   independently looked at the report.  Do you agree with my
 4   characterization of its findings?
 5           MR. WOODWARD:  I do, Your Honor.  But I do need to,
 6   and I know it's sealed, without saying specifically, but the
 7   comments that Mr. Perry attributed to me on Page 13, and the
 8   conclusion that he drew from that, are just not true; that I
 9   never made any comments like that, and, again, I know we
10   don't really need to adjudicate that, but I certainly didn't
11   want my silence to be treated as any kind of acquiescence in
12   either the fact of those comments or the conclusion
13   Mr. Perry may have drawn from them.
14           THE COURT:  Mr. Perry, you will be given a chance
15   to speak.
16           MR. WOODWARD:  I do agree with the second
17   conclusion where he talked about clashing, but the first I
18   do not.  But aside from that, Your Honor, I do agree with
19   the Court's summary of the findings of the report.
20           THE COURT:  So I know the government really wasn't
21   alleging that Mr. Perry was incompetent, just wanted some
22   clarification of that for the record.  But to the extent
23   there is any ambiguity regarding the status, I am going to
24   enter a short order just reciting that Mr. Perry was
25   transported, that he remained there for a period of time,
```

1    was evaluated, that the parties and the Court received a

2    copy of that evaluation, which has been made a part of the

3    record, and based on that evaluation, the Court is going to

4    find that Mr. Perry is both competent to stand trial and was

5    competent at the time of the offense.

6         With respect to the third sort of finding about his

7    right to represent himself, it's a more complicated inquiry

8    than just his competence.  But with respect to those two

9    findings, I am going to enter an order to that effect.

10        Now, the next issue we are going to take up,

11   Mr. Perry, is your motion, I believe it's ECF No. 62, to

12   have Mr. Woodward relieved as your counsel.

13        THE DEFENDANT:  I know, like you just said --

14        THE COURT:  Wait just a minute.  Let me ask you, do

15   you want to address the Court on these issues?

16        THE DEFENDANT:  Of course, I do.

17        THE COURT:  I'm going to ask you to come to the

18   podium, if you would.

19        Well, first of all, right now, with respect to what

20   I've said about your competency, all I've done is make a

21   determination, and I don't think you disagree with this, but

22   if you do, you tell me, that you are competent, that is, you

23   don't suffer from a mental illness that is going to affect

24   your ability to stand trial in the case or cooperate with

25   your attorney.  Do you agree with that?

```
1              THE DEFENDANT:  Listen, at the end of the day, I
2    took that competency hearing, like you just said.  I'm
3    competent to stand trial.  I never took, like -- on the
4    record you all said when the day that you all sent me to
5    Butner, or the day that you filed the order for me to go
6    there, you all sent me there for a competency hearing and to
7    see if I was competent during the offense.  They never --
8    they never -- they never tested me for that.  They sent a
9    whole another order.  They went back and redid the whole
10   order.  It wasn't even the same.  They changed it.  It
11   wasn't even worded the same.
12             THE COURT:  Okay.  Well, Mr. Perry, there were a
13   number of things they evaluated you for.  The only thing I
14   am concluding at this point is based on their evaluation,
15   there is no mental condition that you suffer from that would
16   prevent you from cooperating with your attorney or assisting
17   in your own defense.  Do you agree with that?
18             THE DEFENDANT:  Of course.
19             THE COURT:  So now the next question is who's going
20   to represent you going forward in this case?  The government
21   intends to pursue its prosecution of these charges.  There
22   are a number of outstanding motions that were filed by your
23   prior attorney.
24             THE DEFENDANT:  But he refused to file my other
25   motions that I need to be filed, you know what I'm saying?
```

1    He don't even want to file the motion for fraud upon the

2    courts, when we all know it was a fraud upon the courts when

3    that police got in here and perjured on the stand.  This

4    man -- this prosecutor, this government official right here,

5    this prosecutor, you know what I'm saying, he knowingly and

6    willingly put that man up there knowing that he perjured,

7    and he's still trying to pursue the case, which is

8    fraudulent in itself.

9             THE COURT:  Well, those issues have been fully

10   addressed by the Court.

11            THE DEFENDANT:  They wasn't.  They wasn't.  He

12   didn't even file key issues in the recommendation.  He

13   didn't even file key issues.  He even stated that, you know

14   what I'm saying.  He never talked to me before he done it.

15   He never did anything.  He never talked to me.

16            THE COURT:  Mr. Perry, there has only been one

17   motion.  It's not even finally resolved yet.  It's still in

18   front of the District Judge.  We had a hearing on that

19   motion.  The Court made some very specific findings

20   regarding the officer's testimony, which the government

21   vehemently objected to.  Those are still before the District

22   Judge, and she can do what she wants to do with them.  Those

23   matters are still pending.

24            But it's incorrect to say that your attorneys have

25   not presented the issue of the officer's testimony because

1    your first attorney did it, and Mr. Woodward has addressed

2    it in objections.

3              THE DEFENDANT:  No, he didn't.

4              THE COURT:  See, this is the issue that I want to

5    get to with you.  The question is, you need to have an

6    attorney in these matters.  Mr. Woodward is your counsel.

7    You didn't get along with --

8              THE DEFENDANT:  He fired.

9              THE COURT:  Well, that remains to be seen.  Are you

10   suggesting that you want to represent yourself?

11             THE DEFENDANT:  No.  But I ain't going with him.

12   He fired.  He's terminated.

13             THE COURT:  That's not for you to decide

14   necessarily.

15             THE DEFENDANT:  Well, he's terminated.  So if I got

16   to do it by myself, then I will, but he is terminated.

17             THE COURT:  The decision that you're putting

18   yourself in is going to be a difficult one for you to

19   navigate.

20             THE DEFENDANT:  He's terminated.

21             THE COURT:  Well, I'm telling you, you don't get to

22   just decide who your attorney is.  The Court has appointed

23   one set of attorneys.  They filed numerous motions.  Then

24   you got mad at them because they didn't do what you wanted

25   them to do.

1          THE DEFENDANT:  No, not because they didn't do what

2     I wanted them to do; because he wanted me to do something

3     else that I wasn't willing to do.

4          THE COURT:  Well, that's between you and him.  That

5     attorney has already been fired.  We granted your motion to

6     let that attorney go.

7          THE DEFENDANT:  You didn't grant my motion.  You

8     struck it from the record when he told you to.

9          THE COURT:  You're talking about a different

10    motion.  Mr. Grindrod was relieved as your counsel.

11         THE DEFENDANT:  You heard my motion, and then you

12    granted it, then you struck it.

13         THE COURT:  Mr. Grindrod's motion was granted.  He

14    was let go as your counsel.  You need to have an attorney.

15    If you can't get along with Mr. Woodward, that's going to

16    greatly complicate his defense of you.  But what I'm telling

17    you is you don't get to just come in every six months and

18    say I'm not getting along with this lawyer, get me another

19    lawyer.  That's not the way it works.

20         THE DEFENDANT:  Well, I'm not -- I'm not -- I'm

21    not -- I'm not -- I'm not -- I'm not saying that, but him,

22    that's not going to work, and at this point I just don't

23    want no parts of him.

24         THE COURT:  Well, what I'm saying to you is you're

25    not expressing a desire to represent yourself.  Are you

JODY A. STEWART, Official Court Reporter

1    saying you want another attorney?

2         THE DEFENDANT:  I mean, yes, but if that's not the

3    case, then I just -- I'm not willing -- I'm not willing to

4    side with him.  That's just all to it.

5         THE COURT:  Well, if you're not expressly asking to

6    represent yourself, then you're going to be represented by

7    Mr. Woodward because you don't get to just direct who your

8    attorney is going to be.

9         THE DEFENDANT:  At this point -- well, at this

10   point, I'll take my chances with myself.  He's fired.

11        THE COURT:  I don't think you're making a knowing

12   and voluntary waiver of your right to counsel, Mr. Perry.

13        THE DEFENDANT:  Actually, I just asked you for a

14   new attorney.  You said you wasn't granting that.

15        THE COURT:  Right.

16        THE DEFENDANT:  He's fired.  I don't want no parts

17   of him.  Me and this man is not getting along.  I told you,

18   I explained it on the record, you know what I'm saying.  I

19   filed the proper motions, and he get up in here, he tell all

20   types of white lies, and that's what it is.  I don't want no

21   parts of this man.

22        THE COURT:  Mr. Perry, you're not expressing to me

23   that you desire to represent yourself.  If what you're

24   saying is, I don't want this lawyer, and, therefore, I'll

25   represent myself, I don't think you're making a knowing and

1    voluntary waiver of your right to counsel.  If you sincerely

2    and deeply desire --

3            THE DEFENDANT:  No, I'm standing on my right to

4    counsel.

5            THE COURT:  Let me finish.

6            THE DEFENDANT:  I'm standing on my right to

7    counsel.  You're trying to take it away from me.  You're

8    trying to take it away from me.

9            THE COURT:  You've said all I need to hear.  You

10   are standing on your right to counsel?

11           THE DEFENDANT:  Yes, but just not with him.

12           THE COURT:  Well, Mr. Woodward --

13           THE DEFENDANT:  Well, we done with that.  I'm done

14   with Woodward.

15           THE COURT:  I'm going to explain what is going to

16   happen.  You are standing on your right to counsel.  That

17   means it's the Court's obligation to appoint an attorney to

18   represent you.  The Court has appointed twice attorneys to

19   represent you.

20           When Mr. Woodward filed his motion to inquire, he

21   stated, and I believe he's accurately stated -- I'm going to

22   give you a chance to respond but let me finish -- that you

23   have the ability to cooperate with him and that no one else

24   is going to get along better with you.

25           THE DEFENDANT:  He can't state that.  Like, how can

1   you say that I'm not going to get along with no attorney
2   better if I don't get along with him?
3           THE COURT:  I can tell right now because you're --
4           THE DEFENDANT:  He's a racist.  That's what you
5   want to hear?  He's a fucking racist.
6           THE COURT:  Mr. Perry, if you can't control your
7   temper and your language, then we will just end the hearing
8   with you leaving.  But I'd like you to hear what I'm going
9   to say to you because I think it's really important for your
10  defense on these charges.  Mr. Woodward is an extremely
11  competent attorney, just like the last attorney that you
12  had, and he's fully capable of defending you.
13          Based on the report that we all just got from FCI
14  Butner, you're fully capable of cooperating with him if you
15  choose to do so.  If you choose not to, that is your choice.
16  If you choose not to, you're going to make his job a lot
17  more difficult.  You're going to make it much more difficult
18  for him to defend you.
19          I can't order you to cooperate with him, but what I
20  can tell you is that based on the record that we've
21  established and your statement to me that you do not want to
22  represent yourself, that you're standing on your right to
23  counsel, that Mr. Woodward is going to continue to be your
24  attorney in this case, and he is going to make the argument.
25          THE DEFENDANT:  But at this point he is terminated.

```
 1   Like I said, I'm standing on that.  He is terminated.  He is
 2   not my attorney.  I'm not going to trial with Woodward.
 3           THE COURT:  Well, you actually are going to go to
 4   trial.
 5           THE DEFENDANT:  I'm not knocking I'm going to
 6   trial.  I'm just not going with Woodward.
 7           THE COURT:  He is going to be there with you.  You
 8   can choose to cooperate with him or not cooperate with him.
 9           THE DEFENDANT:  He's fired.
10           THE COURT:  If you don't cooperate --
11           THE DEFENDANT:  He's fired.  He's fired.  He's
12   terminated.  Like, I don't -- I don't wish to have Woodward
13   as my attorney.
14           THE COURT:  Okay.  Well, if you hire another
15   attorney.
16           THE DEFENDANT:  He's fired.
17           THE COURT:  If you want to hire another attorney --
18           THE DEFENDANT:  Look, he's fired.
19           THE COURT:  All right.
20           THE DEFENDANT:  You keep talking about hiring
21   another attorney.  He is fired.
22           THE COURT:  Okay.  You're not listening.
23           THE DEFENDANT:  I'm going to file all my own
24   motions.  He is fired.
25           THE COURT:  You're not listening to me.  See, this
```

1    is the problem that you have, which they did identify.

2    People disagree with you, you don't listen to them.

3              THE DEFENDANT:  Look, he's fired.

4              THE COURT:  You've told me that.  I understand

5    that's your opinion, but you actually don't get to make that

6    decision.  You don't get to make that decision.  The Court

7    has an obligation to appoint you counsel.  Every time you

8    disagree with your counsel doesn't require that the Court

9    appoint you a new counsel.  We have done this twice.  There

10   is no indication that a third lawyer --

11             THE DEFENDANT:  At this point -- at this point I

12   wish to represent myself.  He's fired.

13             THE COURT:  You just finished telling me --

14             THE DEFENDANT:  He is fired.

15             THE COURT:  You just finished telling me you are

16   standing on your right to counsel.

17             THE DEFENDANT:  I don't want him.  I don't want

18   him.  So what are you saying now?  So where do we go from

19   here, because I don't want him.  We are not going to trial

20   with him.  I will represent myself before I go to trial with

21   him.

22             THE COURT:  Even if you represent yourself, the

23   Court would still require Mr. Woodward to be your standby

24   counsel.

25             THE DEFENDANT:  Well, I don't want standby counsel.

1          THE COURT:  But I've already determined that you

2    are not making a voluntary waiver of your right to counsel

3    because you've just finished telling me you wanted counsel.

4          THE DEFENDANT:  Because I did, but I'm not going to

5    go with somebody who I know that is working against me.  Why

6    would I go with that?  Why would I go with that?  That

7    doesn't even make sense.

8          THE COURT:  It may seem difficult for you to

9    understand, but Mr. Woodward representing you is the best

10   chance you have, much better than you representing yourself,

11   significantly better than the Court appointing yet another

12   attorney to try and meet with you and manage this

13   relationship.

14          So you may not be happy about it, but I'm not going

15   to grant your motion to relieve Mr. Woodward as counsel.  I

16   don't believe that you have articulated a basis that the

17   Court would recognize.

18          THE DEFENDANT:  What do you mean?  I haven't even

19   talked to him.  I haven't even talked to him.

20          THE COURT:  That is your voluntary decision.

21          THE DEFENDANT:  He didn't even come and discuss any

22   matters of my case with me before I even tried to fire him,

23   like, come on, man.  Like, you all not even giving me a fair

24   chance at even going to trial.  You all not giving me no

25   fair chance at a trial.

1          THE COURT:  Mr. Perry, I've let you talk long
2     enough.
3          THE DEFENDANT:  How?
4          THE COURT:  You have talked long enough.
5          THE DEFENDANT:  What do you mean?
6          THE COURT:  All right.  I have already made my
7     decision.  Mr. Woodward is going to remain your counsel.  I
8     strongly encourage you to cooperate with him.  He is going
9     to be your counsel.  I don't believe you are making a
10    voluntary waiver of your right to counsel, and so
11    Mr. Woodward is going to represent you.
12          It is strongly in your interest to continue
13    cooperating with him because the case is going to move
14    forward, and he is there to represent you.  You understand?
15          THE DEFENDANT:  I waive my Sixth Amendment right.
16    I don't wish to have Woodward as my counsel.
17          THE COURT:  Okay.  I think he needs to stay in here
18    just until we finish up, if you all could just --
19          THE DEFENDANT:  You all not going to force me to --
20          THE COURT:  Mr. Perry, is that a copy of the
21    report?
22          MR. WOODWARD:  That is, Your Honor.  The only thing
23    I would put on the record, Your Honor, I'm going to be in a
24    trial starting tomorrow through Friday.  I plan to go out to
25    the jail on this weekend, either Saturday or Sunday.  I'm

1    going to let Mr. Perry here, I'm going to request to see

2    him.  Obviously, I can't force him to see me at that point.

3    I would also like, while we are here in his presence, to

4    have some input from the Court about scheduling and where we

5    go from here.

6          Obviously, Mr. Perry doesn't communicate with me.

7    That creates a lot of issues that may need to be addressed,

8    but I don't know what else to do at this point.

9          THE COURT:  I don't either, Mr. Woodward.  I don't

10    either.  I've strongly encouraged Mr. Perry to cooperate

11    with you, to receive your visits.  Now that the matter is

12    decided, perhaps his opinion will change, if he knows that

13    the Court --

14          THE DEFENDANT:  I waive my Sixth Amendment right.

15    I do not wish to have Woodward as my counsel.

16          THE COURT:  Mr. Perry, those kind of outbursts are

17    exactly the reason why Mr. Woodward still needs to be your

18    counsel.  So, Mr. Woodward, I appreciate your continued

19    effort to meet with him and make yourself available.

20          In terms of scheduling the outstanding motions, I

21    think you'll need to evaluate them.  Well, one of them is in

22    front of the District Judge on objections already.  The

23    other two are fully briefed.  I think one of them, the

24    motion to dismiss the indictment, there was an expectation,

25    I think, that there might be evidence required on that

1   motion.  I don't know whether you believe there would be

2   evidence.

3        MR. WOODWARD:  Your Honor, what I'll do is I'll try

4   to talk to Mr. Perry, if he will talk to me.  If he won't,

5   I'll communicate with Mr. Jackson and his office and figure

6   out what --

7        THE DEFENDANT:  I'm going to the press.  I'm going

8   to the press about this shit because this shit ain't right.

9   This shit ain't right.

10       THE COURT:  Mr. Perry, I want you to hear this,

11  which is why I've asked the marshals to leave you in the

12  courtroom.  But if you keep up, I'm just going to remove

13  you.  Do you understand?  Do you understand?

14       MR. WOODWARD:  Anyway, Your Honor, I'll work on

15  scheduling, and, you know, Judge Jackson and that trial, we

16  are not working on Fridays so we will work on it and figure

17  out where we are, and I will keep the Court and the United

18  States apprised of whatever is going on as best I can.

19       THE COURT:  I'm going to communicate to Judge Smith

20  what transpired today, what the Court's decisions were with

21  respect to your continued role in the case and with respect

22  to Mr. Perry's competence.  I suspect she'll make her own

23  determination --

24       THE DEFENDANT:  I don't want to go in front of the

25  jury like this.

1          THE COURT:  -- regarding the outstanding motion

2    that is already briefed.  With respect to the other two that

3    are on referral, what I would ask counsel to do is confirm

4    sometime over the next week and a half or so and see if you

5    all can agree, number one, whether we need to have an

6    evidentiary hearing, if so, we would schedule that on a

7    Friday when Mr. Woodward could be available.

8          If you conclude there is no need for an evidentiary

9    hearing, and it can be decided on the briefs, then just let

10   me know that, as well, and I will undertake to do an R&R on

11   both those outstanding motions.

12         THE DEFENDANT:  I think you just conclude that

13   there is no need for an evidentiary hearing for my --

14         THE COURT:  Mr. Perry, that's what attorneys do.

15   That is what attorneys do.  That's what Mr. Woodward is

16   going to do on your behalf.  You're in much better shape

17   with him in the case than with him out.  Frankly, Mr. Perry,

18   you can keep not cooperating but it's not going to help your

19   case.

20         He needs to go out.  Out, Mr. Perry.  You are going

21   out of the court.  I'll just let the record reflect that

22   Mr. Perry, who was shackled, lunged at Mr. Woodward and is

23   being escorted from the courtroom by the marshals.

24         (Defendant exited the courtroom.)

25         THE COURT:  Well, I don't know what to do.

1        MR. WOODWARD:  Again, I did not move to withdraw.

2   I remain convinced that no other attorney, unless there is

3   some attorney that will just do exactly what Mr. Perry

4   wants, is going to do any better.

5        THE COURT:  Let me correct you.  An attorney doing

6   exactly what Mr. Perry wants is not going to do any better.

7   Maybe keeping him calmer, maybe, but that's not the role of

8   counsel.

9        MR. WOODWARD:  I understand that, Your Honor.  It's

10  obviously concerning.  He's setting up a record accusing me

11  of being a racist, which is very distasteful to me, but I

12  understand where it's coming from.  So, again, I will leave

13  it to the Court's discretion.  I will go try to see him this

14  weekend.  I think there is almost a zero percent chance that

15  he is going to come out and talk to me.  If he does, it's

16  not likely to be productive.  But, anyway, I don't want to

17  say too much about that with him not present.

18       THE COURT:  You don't need to say any more.  I

19  appreciate your continued efforts.  The Court appreciates

20  your continued efforts.  I agree with you that no other

21  attorney could do any better, and all we would do is we

22  would just put off the inevitable, which is the type of

23  proceeding which we are apparently going to have to have,

24  which is you are going to have to do the best job you can

25  without his cooperation.

1        Hopefully, he will come around and cooperate with

2   you, but I don't think he's making a demand to represent

3   himself, not a knowing and voluntary waiver of his right to

4   counsel.  If I thought he really could represent himself and

5   comply with the rules and abide by, and actually get it

6   done, I might be more sympathetic to his sort of alternative

7   plea that he was making, but I don't think that is a

8   voluntary waiver of his right to counsel, so I am not

9   inclined to find that he is making a voluntary waiver of his

10  right to counsel.

11        I'll speak with Judge Smith about what's

12  transpired, try and get some guidance from her if she has a

13  different view of the facts, but I think we are just going

14  to have to keep moving forward on these outstanding motions

15  and get the case back on the docket and do the best we can

16  to litigate the issues that are already in front of the

17  Court because there are some serious issues in the case.

18        MR. WOODWARD:  Your Honor, the only thing I would

19  like to put on the record, to reflect that I have handed,

20  and Mr. Perry now has a copy of the report, that I wanted to

21  make sure that that is clear that he was given a report here

22  today and took it with him when he left.

23        THE COURT:  Okay.  Thank you, Mr. Woodward.

24        Mr. Jackson, is there anything else for the United

25  States?

1          MR. JACKSON:  No, Your Honor.

2          THE COURT:  Again, thank you all very much for your

3    cooperation.  The Court will be in recess.

4          (Hearing adjourned at 11:29 a.m.)

5                         CERTIFICATION

6

7      I certify that the foregoing is a correct transcript

8    from the record of proceedings in the above-entitled matter.

9

10

11          X_____/s/_____x

12                    Jody A. Stewart

13                 X_____5-14-2019 _____x

14                         Date

15

16

17

18

19

20

21

22

23

24

25

JODY A. STEWART, Official Court Reporter