UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MAY 2 1 2019

**UNITED STATES OF AMERICA,**

v.  CRIMINAL NO. 2:18cr113

**ADONIS PERRY,**

   Defendant.

## ORDER

This matter comes before the court on the Defendant's Objections to the Report and Recommendation ("R&R") filed by the United States Magistrate Judge on the Defendant's "First Motion to Suppress on Superseding Indictment" ("Motion"). The Defendant filed his Motion on September 23, 2018. ECF No. 28. The United States filed a Response on September 25, 2018, ECF No. 29, and the Defendant filed a Reply on September 25, 2018, ECF No. 30. On September 26, 2018, this court referred the Motion to United States Magistrate Judge Douglas E. Miller, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), to conduct hearings, including evidentiary hearings, and to submit to the undersigned district judge proposed findings of fact and recommendations for disposition of the Motion. ECF No. 31.

The Magistrate Judge held an evidentiary hearing on the Defendant's Motion on October 24, 2018. ECF No. 43. A transcript of the hearing was subsequently filed on October 29, 2018. Id. The

R&R on the Defendant's Motion was filed on November 9, 2018. ECF No. 48. In the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. Id. at 15-16. On December 21, 2018, the Defendant filed Objections to the R&R. ECF No. 61.[1] On January 4, 2019, the United States filed a Response to the Defendant's Objections. ECF No. 67.

On January 8, 2019, the court determined that it would hold in abeyance its consideration of the Defendant's Objections to the R&R, pending the outcome of a competency evaluation of the Defendant ordered on January 7, 2019. ECF No. 73. On May 14, 2019, the court determined that the Defendant is competent to stand trial, as he is capable of understanding the nature and

---

[1] The Defendant's Motion was filed through his first attorney, Assistant Federal Public Defender Andrew Grindrod. See ECF No. 28. Mr. Grindrod also represented the Defendant during the evidentiary hearing before the Magistrate Judge on October 24, 2018. See ECF No. 43. Subsequent to the R&R being filed, Mr. Grindrod moved to withdraw from further representation of the Defendant on November 20, 2018. ECF No. 51. That same day, Mr. Grindrod, on behalf of the Defendant, moved for an extension of time to file Objections to the R&R, ECF No. 52, which motion the court granted on November 26, 2018, ECF No. 54. On December 4, 2018, the court granted Mr. Grindrod's Motion to withdraw from further representation of the Defendant, ECF No. 55, and that same day appointed Mr. Lawrence Woodward to represent the Defendant, ECF No. 57. On December 12, 2018, Mr. Woodward moved for an additional extension of time to file Objections to the R&R so that he would have a full opportunity to review the case. ECF No. 58. The court granted said motion that same day. ECF No. 59. The Defendant, through Mr. Woodward, then filed his Objections to the R&R on December 21, 2018. ECF No. 61.

consequences of the proceedings against him, and is able to assist properly in his defense. ECF No. 85. Accordingly, the court will proceed to consider the Defendant's Objections.

In his Motion, the Defendant argues that evidence obtained by police officers during a traffic stop of the Defendant and his companion must be suppressed because the officers impermissibly expanded the scope of the traffic stop, violating the Defendant's Fourth Amendment right to be free from unreasonable seizure. ECF No. 28. The R&R recommends that the Defendant's Motion be denied because the facts and circumstances of the Defendant's traffic stop created sufficient reasonable suspicion to warrant the length of the Defendant's detention. ECF No. 48. The Defendant objects to the Magistrate Judge's credibility determination of Officer Miller, one of the police officers who conducted the Defendant's traffic stop. ECF No. 61 at 1. The Defendant further objects to the Magistrate Judge's legal conclusion that the facts and circumstances of the Defendant's traffic stop justified the length of the Defendant's detention. Id. at 2.

Pursuant to Rule 59(b)(3) of the Federal Rules of Criminal Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the Defendant has specifically objected. Id. The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to him with

instructions. Id. Where a party objects to a magistrate judge's credibility determinations, the district court must conduct a de novo credibility determination, but the court need not "rehear the contested testimony" in order to make its credibility determination. United States v. Raddatz, 447 U.S. 667, 674 (1980). Rather, the district court may consider the record developed by the Magistrate Judge to make a de novo determination on the credibility of witnesses. Id. at 676-77.

This court, having examined the Objections to the Magistrate Judge's R&R, having reviewed the record of the proceedings before the Magistrate Judge, and having made de novo findings with respect thereto, **OVERRULES** the Defendant's Objections, and hereby **ADOPTS** and **APPROVES IN FULL** the credibility determinations, findings of fact, recommendations, and legal conclusions, as set forth in the R&R of the United States Magistrate Judge filed on November 9, 2018. Accordingly, the Defendant's "First Motion to Suppress on Superseding Indictment," ECF No. 28, is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Order to the Defendant's counsel and the Assistant United States Attorney.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

May 21, 2019