

FILED
MAR 12 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

    v.                                                     CRIMINAL NO. 2:18cr113

ADONIS MARQUIS PERRY,

    Defendant.

### ORDER

This matter comes before the court on the Defendant's Motion to Appear at Jury Trial in Jail Clothes and Restraints and Motion to Inquire, filed on February 12, 2020, and defense counsel's Motion to Withdraw, filed on March 5, 2020. ECF Nos. 137, 138, 145. The Government responded to the Motion to Inquire and Motion to Appear at Jury Trial in Jail Clothes and Restraints on February 26, 2020, and did not oppose either motion. ECF Nos. 140, 141. A hearing on the motions was held on March 11, 2020, with the Defendant, his counsel, and counsel for the United States present. At the hearing, Mr. Babineau, counsel for the Defendant, fully put on the record his reasons for seeking the withdrawal, including various threats made by the Defendant. The court also heard from the Defendant, who was placed under oath and who affirmed his desire to appear in jail clothes at the jury trial, withdrew his request to appear in restraints, and joined in the Motion to Withdraw. The court heard from the United States, as well.

For the reasons stated from the bench, the court **GRANTED** the Motion to Appear at Jury Trial in Jail Clothes and Restraints with respect to jail clothes only. The court **DENIED** the Motion with respect to restraints. Although the Defendant withdrew his request to appear in restraints, the court would not have permitted the Defendant to appear at the jury trial in visible restraints, such as handcuffs, leg irons, or shackles, at this juncture.

After an inquiry, and for the reasons stated from the bench, the court found that the Motion to Withdraw was timely, given the sequence of events precipitating the motion; that Mr. Babineau would be unable to present a fair and adequate defense due to the Defendant's threats and conduct towards Mr. Babineau; and, consequently, that there was a total breakdown in the relationship and in the communication between the Defendant and his current counsel. See United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). Moreover, the Defendant under oath confirmed his agreement with the Motion to Withdraw and requested that new counsel be appointed to represent him. Accordingly, the court **GRANTED** the Motion to Withdraw. Mr. Daymen Robinson has been appointed as new counsel. ECF No. 148.

Mr. Babineau is **DIRECTED** to pick up any documents currently waiting for him at the Federal Public Defender's Officer and then to turn over the Defendant's case file to Mr. Robinson. Mr. Robinson is **DIRECTED** to contact the Defendant's previous

2

attorneys, including Mr. Grindrod, Mr. Woodward, Mr. Hobbs, and Mr. Babineau, to ensure that they have turned over all of the Defendant's case materials in their files. The Clerk is **DIRECTED** to forward a copy of this Order to the Defendant, Jon Babineau, Nicholas Hobbs, Lawrence Woodward, Andrew Grindrod, the United States Attorney at Norfolk, and to Daymen Robinson.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

March 12, 2020